# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KRISTIE WILLIAMS,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| | } Case No.: 2:22-cv-00758-MHH |
| | } |
| v. | } |
| | } |
| | } |
| **THE BOARD OF TRUSTEES OF** | } |
| **THE UNIVERSITY OF** | } |
| **ALABAMA,** | } |
| | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

In this case, Kristie Williams asserts claims under the Family and Medical Leave Act against her former employer, the Board of Trustees of the University of Alabama. (Doc. 1).  In 2020, while she was employed at the University of Alabama at Birmingham, Ms. Williams took FMLA leave to go to Hawaii to care for her daughter after her daughter, a member of the United States Marine Corps, was sexually assaulted by a superior officer.  Ms. Williams contends that the Board, through its employees at UAB, interfered in her FMLA leave and retaliated against her for using FMLA leave when the Board terminated her employment.  (Doc. 1). The Board contends that, as an arm of the State of Alabama, it is immune from Ms. Williams's claims, so the Court should dismiss Ms. Williams's FMLA claims

1

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 6, pp. 7, 9–10).[1]  For the reasons discussed below, the Court denies the Board's motion to dismiss.

The Eleventh Amendment to the United States Constitution "enshrouds states with a shield of sovereign immunity against suits in federal court."  *Haven v. Board of Trustees of Three Rivers Regional Library Sys.*, 69 F. Supp. 3d 1359, 1363 (S.D. Ga. 2014); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").  Under the Eleventh Amendment, "each State is a sovereign entity in our federal system" and is not "amenable to the suit of an individual without its consent."  *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996) (internal quotations omitted) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).  The State of Alabama has not consented to suit in federal court.  *See* Ala. Const. art. I, § 14 ("[The State of Alabama shall never be made a defendant in any court of law or equity.").  "The Alabama Supreme Court has [] determined that the Board of Trustees of a state university is entitled to sovereign immunity as an

---

[1] "[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists." *Thomas v. U.S. Postal Serv.*, 364 Fed. Appx. 600, 601 n.3 (11th Cir. 2010).

instrumentality of the state," *Harden v. Adams*, 760 F.2d 1158, 1164 (11th Cir. 1985), and the Eleventh Circuit Court of Appeals, in an opinion that serves as persuasive authority, has held that Eleventh Amendment bars suits against the Board of Trustees of the University of Alabama, *Eubank v. Leslie*, 210 Fed. Appx. 837, 844–45 (11th Cir. 2006).

"The Eleventh Amendment bar to suit is not absolute." *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). Beyond consent, a state may be subject to suit in federal court when Congress enacts a statute that clearly "abrogates the States' sovereign immunity." *Feeney*, 495 U.S. at 304; *see*, *e.g.*, *In re Employment Discrimination Litigation Against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) ("[W]e have no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the states' Eleventh Amendment immunity when it amended Title VII to cover state and local governments."). Congress may abrogate sovereign immunity when Congress "makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003). Here, for Ms. Williams's claims against the Board to go forward, Congress must have abrogated the Board's sovereign immunity for her FMLA action.

The FMLA enables eligible employees to take unpaid leave from their jobs

under certain circumstances. Since the FMLA's inception, the family-leave provision has authorized employees to take leave to care for a spouse, son, daughter, or parent with a serious health condition. 29 U.S.C. § 2612(a)(1)(C). The self-care provision has authorized employees to take leave because of the employee's own serious health condition. 29 U.S.C. § 2612(a)(1)(D); *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 34 (2012). In 2008, Congress amended the FMLA to allow employees whose qualifying family members serve in the Armed Forces to take unpaid leave. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 585, 122 Stat. 3 (2008). The added provision states that an employee is entitled to leave "[b]ecause of any qualifying exigency . . . arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces." 29 U.S.C. § 2612(a)(1)(E). The Court refers to leave available under § 2612(a)(1)(E) as "active-duty leave."[2] The plain language of the

---

[2] In pertinent part, § 2612(a)(1) provides:

> Subject to section 2613 of this title and subsection (d)(3), an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>
> . . .
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

4

FMLA gives employees the right to recover damages from employers who interfere with the exercise of their rights under § 2612. 29 U.S.C. § 2617.

In *Hibbs*, the Supreme Court held that Congress could subject the States to suit for violations of the family-leave provision of the FMLA, 29 U.S.C. § 2612(a)(1)(C), because of "evidence that States had family-leave policies that differentiated on the basis of sex and that States administered even neutral family-leave policies in ways that discriminated on the basis of sex." *Coleman*, 566 U.S. at 34. Thus, in *Hibbs*, the Supreme Court found that Congress could use its power under § 5 of the Fourteenth Amendment to abrogate the States' immunity to suits under the family-leave provision of the FMLA because Congress' use of its § 5 power under those circumstances was "congruent and proportional" to its remedial object of eliminating stereotypes about the roles of male and female employees, and was "responsive to, or designed to prevent, unconstitutional behavior." *Hibbs*, 538 U.S. at 727, 734, 739 (internal quotations and citation omitted).

A few years later, in *Coleman*, the Supreme Court held that in contrast to the family-leave provision of the FMLA, Congress did not have authority to abrogate

---

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1)(C)-(E).

states' immunity for suits brought under the FMLA's self-care provision, 29 U.S.C. § 2612(a)(1)(D). *Coleman*, 566 U.S. at 37, 43. The Supreme Court stated that, unlike the family-leave provision, "the self-care provision lacks . . . evidence of a pattern of state constitutional violations accompanied by a remedy drawn in narrow terms to address or prevent those violations." *Coleman*, 566 U.S. at 37, 43 ("To abrogate the States' immunity from suits for damages under § 5, Congress must identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations. It failed to do so when it allowed employees to sue States for violations of the FMLA's self-care provision.").

The Board posits that Ms. Williams used active-duty leave under § 2612(a)(1)(E) and argues that Congress has not abrogated the states' immunity for § 2612(a)(1)(E). (Doc. 6, p. 15). The Court finds that Ms. Williams used family leave under 29 U.S.C. § 2612(a)(1)(C), not active-duty leave under 29 U.S.C. § 2612(a)(1)(E). Therefore, the Court does not have to determine whether Congress properly abrogated States' immunity under 29 U.S.C. § 2612(a)(1)(E) to resolve the Board's motion to dismiss.

The Board correctly points out that Congress added active-duty leave to the FMLA to alleviate military families' burdens "arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces."

29 U.S.C. § 2612(a)(1)(E); (Doc. 6, pp. 17–18). The Department of Labor regulation concerning active-duty leave provides: "Eligible employees may take FMLA leave for a qualifying exigency" related to a family member's active duty service including: "(1) Short-notice deployment"; "(2) Military events and related activities"; "(3) Childcare and school activities"; "(4) Financial and legal arrangements"; "(5) Counseling"; "(6) Rest and Recuperation"; "(7) Post-deployment activities"; "(8) Parental care;" and "(9) Additional activities . . . which arise out of the military member's covered active duty or call to covered active duty status." 29 C.F.R. § 825.126(b). When an employee's request for active-duty leave is foreseeable, "the employee shall provide such notice to the employer as is reasonable and practicable." 29 U.S.C. § 2612(e)(3).

When Congress amended the FMLA in 2008 to add active-duty leave under § 2612(a)(1)(E), Congress also added § 2612(a)(3) to the FMLA. National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 585, 122 Stat. 3 (2008). Section 2612(a)(3), titled "Servicemember Family Leave," states that "an eligible employee who is the spouse, son, daughter, parent, or next of kin of a covered servicemember shall be entitled to a total of 26 workweeks of leave during a 12-month period to care for the servicemember." 29 U.S.C. § 2612(a)(3). By its structure, title, and language, § 2612(a)(3) adjusts the 12 weeks of authorized family-leave under § 2612(a)(1)(C) to "care for the spouse, or a son, daughter, or parent[]

7

of the employee, if such spouse, son, daughter, or parent has a serious health condition" to 26 weeks if the spouse, son, daughter, or parent is a servicemember.

Structurally, Congress indicated that it does not consider "Servicemember Family Leave" a distinct category of leave like pregnancy leave, family leave, self-care leave, and active-duty leave because Congress did not place "Servicemember Family Leave" under § 2612(a)(1) with those other categories of leave. The title "Servicemember Family Leave" adopts the "family leave" label for § 2612(a)(1)(C) leave and inserts the word "servicemember" before that label, linking § 2612(a)(1)(C) and § 2612(a)(3). By using the term "care" in §§ 2612(a)(1)(C) and 2612(a)(3), Congress likewise linked the two sections and indicated that § 2612(a)(3) merely expands the duration of family leave when an employee uses that leave to care for a servicemember with a serious health condition.[3]

Administratively, whether an employee is entitled to 12 weeks or 26 weeks of

---

[3] Section 2612(a)(3) expands § 2612(a)(1)(C) in one other respect: § 2612(a)(3) adds to the list of caregivers for servicemembers "next of kin." Implicit in the language of § 2612(a)(1)(C) is the limitation of caregivers to spouses, parents, and children of the individual who needs care for a serious health condition if the individual who needs care is not a servicemember.

If an employee requests leave under §§ 2612(a)(1)(C) or 2612(a)(3) for a "planned medical treatment," the employee must "make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer subject to the approval of . . . the health care provider of the son, daughter, spouse, parent, or covered servicemember of the employee." 29 U.S.C. § 2612(e)(2)(A). Additionally, the employee "shall provide the employer with not less than 30 days' notice, before the date the leave is to begin" unless the required treatment begins in less than 30 days, in which case the "employee shall provide such notice as is practicable." 29 U.S.C. § 2612(e)(2)(B).

family-leave turns on whether the employee's family member is a "covered servicemember" with a "serious injury or illness."  "Covered servicemember means: (1) A current member of the Armed Forces, including a member of the National Guard or Reserves, who is undergoing medical treatment, recuperation, or therapy, is otherwise in outpatient status; or is otherwise on the temporary disability retired list, for a serious injury or illness." 29 C.F.R. § 825.127(b)(1).  "A serious injury or illness means:  (1) In the case of a current member of the Armed Forces, including a member of the National Guard or Reserves, means an injury or illness that was incurred by the covered servicemember in the line of duty on active duty in the Armed Forces or that existed before the beginning of the member's active duty and was aggravated by service in the line of duty on active duty in the Armed Forces, and that may render the member medically unfit to perform the duties of the member's office, grade, rank or rating . . . ." 29 C.F.R. § 825.127(c)(1).

Ms. Williams alleges that after her daughter, an active-duty Marine, was sexually assaulted, she (Ms. Williams) requested continuous FMLA leave using a "Military Family Medical Leave Request Form" that UAB provided to her so that she could "fly to Hawaii and care for her daughter."  (Doc. 1, pp. 3-4, ¶¶ 9–12).[4]  Ms. Williams's request for leave "to care for her daughter" triggered family leave, not active-duty leave.  Sexual assault is not a "qualifying exigency" relating to

---

[4] Ms. Williams requested leave for 30 days.  (Doc. 6-1).

9

active-duty status like having to make financial arrangements for a tour of duty or receiving leave from a tour of duty for "rest and recuperation." 29 C.F.R. § 825.126(b); (Doc. 6-1). Sexual assault injures victims physically and psychologically, causing victims to need care. Thus, Ms. Williams used family-leave under § 2612(a)(1)(C) that could extend up to 26 weeks under § 2612(a)(3) if Ms. Williams's daughter's assault qualified as "serious injury or illness" to a "covered servicemember."

Because Congress has abrogated the Board's Eleventh Amendment immunity for FMLA actions concerning family leave, the Court may exercise jurisdiction over the subject-matter of the action. Therefore, the Court denies the Board's motion to dismiss. This opinion renders Ms. Williams's motion to strike, (Doc. 8), moot. The Clerk of Court shall please TERM Docs 6 and 8.

**DONE** and **ORDERED** this March 22, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE